Angie Cruz ALDRIDGE, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 01–480C.

United States Court of Federal Claims.

Jan. 21, 2004.

Alan Banov, Washington, D.C., for plaintiffs.

Domenique Kirchner, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, for the United States. With her on briefs were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Kathryn A. Bleecker, Assistant Di-

rector, Robin Suzanne Courtney, Attorney, Bureau of Prisons, of counsel.

## OPINION

BRUGGINK, Judge.

This is an action for recovery of overtime pay brought by over 100 employees of the Bureau of Prisons ("BOP") under the overtime provisions of the Federal Equal Pay Act, 5 U.S.C. § § 5542, 5544, 5546 (2000 & Supp.2001), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–216 (2000 & Supp.2001). Before the court is defendant's motion to dismiss for lack of jurisdiction a portion of the claim of one plaintiff, Randy D. Hayes.

Mr. Hayes and his wife filed a petition in bankruptcy and received a discharge on March 23, 2001. Defendant's motion is directed at those portions of Mr. Hayes' claim which relate to work performed prior to his filing for bankruptcy on December 14, 2000, on the theory that they became the property of the trustee in bankruptcy. Oral argument was held on November 18, 2003. On December 5, 2003, the court converted the motion to one for failure to state a claim upon which relief can be granted under RCFC 12(b)(6) and 56, and allowed the parties to submit additional materials.[1]

## BACKGROUND

Mr. Hayes has worked for the BOP from May 1996 to the present. On December 14, 2000, Mr. Hayes and his wife filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Oregon. They received a discharge on March 23, 2001. When they filed their schedule of assets the Hayes did not list unpaid overtime or a cause of action against the United States or the BOP. Although the complaint here seeks back pay for alleged overtime worked after the discharge in bankruptcy, the majority of Mr. Hayes' claim

involves overtime allegedly earned prior to the filing of the bankruptcy petition.

In response to the court's December 5, 2003 order, plaintiffs recite that they have contacted both the bankruptcy trustee as well as Mr. Hayes' bankruptcy attorney concerning the possibility of either petitioning for the reopening of the bankruptcy estate or having the trustee abandon the claim and letting it revert to Mr. Hayes. They have furnished the court with a photocopy of a petition by Mr. Hayes to reopen the bankruptcy estate. It is unclear, however, whether the petition has actually been filed with the bankruptcy court or whether the bankruptcy court has acted on the petition. There is no indication of the position of the trustee in bankruptcy.

## DISCUSSION

The threshold question presented is whether Mr. Hayes has standing to assert the pre-bankruptcy portions of his claim. Defendant contends that the answer is "no" because that portion of his claim passed by operation of law to the bankrupt estate. Defendant argues that Mr. Hayes is thus not the real party in interest and that he therefore lacks the requisite standing to pursue his back pay claim.

■ A fundamental jurisdictional consideration for any federal court, including Article I courts, is whether the plaintiff has constitutional standing. *Glass v. United States,* 258 F.3d 1349, 1355–56 (Fed.Cir.2001); *Sterling Savings v. United States,* 57 Fed.Cl. 234, 236 (2003). The inquiry is a reflection of the concern that there be an actual "case or controversy" before the court. *See Arizonans For Official English v. Arizona,* 520 U.S. 43, 64, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). The litigant must show, "first and foremost, 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555,

---

1. As we explain below, standing is a threshold jurisdictional consideration, but it has non-jurisdictional implications as well. Because we believe what is missing here is not subject matter jurisdiction but a cause of action, and because the parties submitted materials outside the plead-

ings, we asked the parties whether, assuming conversion to RCFC 12(b)(6) and 56, they had additional materials to submit. The parties accordingly submitted additional materials and briefing.

560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). In the absence of standing the court has no jurisdiction to decide the merits of a claim. *See Arizonans For Official English,* 520 U.S. at 67, 117 S.Ct. 1055.

■ Three elements must be present for a plaintiff to satisfy the "case or controversy" requirement of constitutional standing. First, the plaintiff must demonstrate "actual injury." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Second, the plaintiff must establish a causal link between the injury and the challenged conduct. *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130. Third, it "must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

Mr. Hayes alleges that he suffered injury when he was required to perform overtime work for the BOP without compensation. Taken at face value, this satisfies the actual injury and causation requirements of Article III standing, although it begs the question of whether he still bears any connection to the injury. The redressability inquiry, however, is more problematic. Under the facts currently before the court, a favorable decision would not directly benefit Mr. Hayes, or at least not for the moment. Any recovery would go to the trustee in bankruptcy.

We take the real focus of concern as to redressibility, however, to be the defendant—*i.e.,* is the right defendant present so that the plaintiff would benefit from actions taken against that person? *See Lujan,* 504 U.S. at 561–62, 112 S.Ct. 2130; *Simon v. E. Ky. Welfare Rights Org.,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Here, the government is being asked to make up for unpaid overtime. The relief would be money, and it could be paid to plaintiff, or on his behalf in bankruptcy. The elements of constitutional standing are, in short, at least arguably present.

■ The fundamental premise behind defendant's motion, however, is correct. The effect of bankruptcy is that "all legal and equitable interests of the debtor" become part of the bankruptcy estate to be disposed of by the trustee in accordance with the bankruptcy laws. 11 U.S.C. § 541 (2003). The bankrupt estate thus includes "causes of action" owned by the debtor at the time of filing the bankruptcy. *Sender v. Simon,* 84 F.3d 1299, 1304–05 (10th Cir.1996); *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir.1988); *see also Tyler House Apts., Ltd. v. United States,* 38 Fed.Cl. 1, 6 (1997) (unscheduled causes of action remain the property of the estate). For that reason, the trustee is the proper party in interest to pursue the claim. 11 U.S.C. § 323; *see Schertz–Cibolo–Universal City v. Wright (In re Educators Group Health Trust),* 25 F.3d 1281, 1284 (5th Cir.1994).

If Mr. Hayes were to persuade the trustee in bankruptcy to reopen the estate and release the claim to him, he would have a present cause of action. So far, he has been unable to do so, however. Mr. Hayes may have generated the cause of action, in other words, but he no longer owns it. The court therefore could not direct that any possible · relief be given to him.[2]

■ Nevertheless, plaintiffs contend that Mr. Hayes' *potential* interest is sufficient to give him standing as to all of his past pay claims. As to the issue of constitutional standing this is arguably correct. In addition to constitutional considerations, however, standing also implicates concerns that are prudential in nature. Prudential limitations involve the exercise of "administrative discretion" by the court on whether to hear a case. *First Hartford Corp. Pension Plan & Trust v. United States,* 194 F.3d 1279, 1290 (Fed. Cir.1999). These prudential considerations call for the courts to limit access to those litigants best suited to assert a claim. *Gladstone Realtors v. Vill. of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979); *see also First Hartford,* 194 F.3d at 1290.

---

2. While recognizing the general rule, plaintiffs suggest that we must consider the reason why Mr. Hayes failed to list the item on his schedule, namely, that he was unaware of it when he filed for bankruptcy. That oversight may have been grounds for seeking relief from the bankruptcy court, but we deem it irrelevant here. Property that is not abandoned remains in the estate. 11 U.S.C. § 554(d). It is therefore up to the trustee to decide whether to pursue or abandon the claim, not this court. *See Weiner v. United States,* 15 Cl.Ct. 43, 46 (1988).

The judiciary should refrain from deciding issues involving: 1) mere generalized grievances; 2) litigants who are not "within the zone of interest to be protected or regulated"; and 3) plaintiffs who fail to assert their own legal rights rather than those of third parties. *See Gladstone*, 441 U.S. at 99, 99 S.Ct. 1601; *see also Simon*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Warth*, 422 U.S. at 498, 95 S.Ct. 2197; *Ass'n of Data Processing Serv. v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

■ Lack of real-party-in-interest status is not a jurisdictional defect. 4 MOORE'S FEDERAL PRACTICE, § 17.13 (3d ed.2000). The person before the court simply lacks a claim on which relief can be granted because that person does not own the claim. Indeed the defect is curable by substituting the proper party. *See* RCFC 17(a)(1).

■ These non-jurisdictional considerations make it unnecessary for the court to parse the question of whether such prudential concerns oust the court of the subject matter jurisdiction it otherwise would have under the Tucker Act to hear a statutory pay claim. *See* 28 U.S.C. § 1491(a)(1) (2000). This is because not every party who meets standing requirements is a real party in interest. 4 MOORE'S FEDERAL PRACTICE, § 17.10 (3d ed.2000). This is reflected in RCFC 17(a), the court's real party in interest rule, requiring that "every action shall be prosecuted in the name of the real party in interest." The real party in interest here is plainly not the plaintiff, it is the trustee. For the moment, the trustee has merely been solicited to reopen and assert the claim, or to abandon it to Mr. Hayes.

The complaint has been pending for over two years. The motion to dismiss was filed over five months ago. Plaintiffs first contacted the trustee in bankruptcy on August 27, 2003 seeking substitution or abandonment and obtained no response. The claim, therefore, could be dismissed. Plaintiffs here have sought, in the alternative, additional time for substitution of the trustee in bankruptcy. They now allege that a petition to reopen the bankruptcy estate has been filed. Plaintiffs have provided this court with a photocopy of this petition as well as evidence of correspondence with the trustee in bankruptcy and the attorney who represented Mr. Hayes in his filing for bankruptcy. It is unclear from the record before us, however, what position, if any, the trustee in bankruptcy has adopted. Moreover, no proof that the bankruptcy court has acted on the petition is presently before us. Nor has the trustee in bankruptcy petitioned this court requesting to be substituted for Mr. Hayes. We are sympathetic nevertheless to plaintiffs' effort and request for more time. We therefore afford a final opportunity to have the bankruptcy trustee assert or abandon the claim.

### CONCLUSION

Final action on defendant's motion is deferred. Plaintiffs have until February 27, 2004 to furnish evidence that the bankruptcy case of Mr. Hayes will be reopened or that the trustee wishes to assert or abandon the back pay claim. In the absence of such proof, the claims will be dismissed.