**DEPONTE INVESTMENTS, INC. and BAMMF (6) LLC, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 02–141C.**

United States Court of Federal Claims.

March 19, 2004.

Richard J. Conway, Dickstein, Shapiro, et al., Washington, DC, for Plaintiff.

Lawrence Norman Minch, Michael N. O'Connell, Jr., U.S. Dept. of Justice, Civil Division—Commercial Litigation Branch, Washington, DC, for Defendant.

### ORDER

FUTEY, Judge.

This matter is before the court on Plaintiff's Motion To Join BAMMF (6) LLC As A Real–Party–In–Interest. Plaintiff articulates three bases in support of its joinder request. Plaintiff maintains that defendant will not suffer any prejudice. As a corollary to this proposition, plaintiff asserts that defendant has been on notice of BAMMF (6) LLC's (BAMMF (6)) status as the real party in interest since the first deposition was conducted in this case. Further, plaintiff contends that joinder of BAMMF (6) will not affect the substance of the allegations in the complaint. Defendant did not file an opposition to plaintiff's motion.[1]

### Factual Background [2]

On August 24, 1998, the United States, defendant, acting through the General Services Administration (GSA), awarded Lease No. GS–07–14652 to plaintiff, Deponte Investments, Inc. According to the terms of the lease, plaintiff was obligated to construct a building in Gallup, New Mexico, and lease it to the Social Security Administration. Subsequently, on April 13, 2000, the parties entered into Supplemental Lease Agreement (SLA) No. 3 and plaintiff was replaced by BAMMF (6) as the designated lessor.

Although the validity of the termination for default is a point of contention between the parties, it is undisputed that in a letter dated February 21, 2001, defendant informed plaintiff that the lease would be terminated for default effective the next day. Plaintiff filed

---

1. Defendant's response to plaintiff's RCFC 17(a) motion was due March 5, 2004.

2. Only facts relevant to this opinion are set forth herein. The facts were discussed in greater detail in this court's October 3, 2002, opinion granting defendant's partial motion to dismiss. *Deponte Invs., Inc. v. United States,* 54 Fed.Cl. 112, 113–14 (2002).

its complaint on February 20, 2002. BAMMF (6), the lessor under SLA No. 3, was not listed as a named plaintiff to the lawsuit. The case nevertheless progressed to discovery and the first deposition conducted was that of plaintiff's president, Mr. Brent Deponte. During the deposition, the significance of plaintiff's oversight became apparent, and plaintiff's counsel stated on the record that an RCFC 17 motion would be filed. The subject was revisited during a telephonic conference with the court held on January 20, 2004. Shortly thereafter, the parties submitted a joint status report. Pursuant to the court's February 4, 2004, order, which adopted the parties' proposed schedule, plaintiff filed its RCFC 17(a) motion on February 20, 2004.

## Discussion

RCFC 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." RCFC 17(a); see also *H.F. Allen Orchards v. United States*, 749 F.2d 1571, 1576 (Fed.Cir.1984); *Wrona v. United States*, 40 Fed.Cl. 784, 786 (1998); *Brighton Village Assocs. v. United States*, 31 Fed.Cl. 324, 330 (1994). "[T]he rationale behind the real party in interest requirement is to 'shield the defendant from subsequent suits on the same action and to give the judgment rendered proper *res judicata* effect.'" *Kanehl v. United States*, 38 Fed.Cl. 89, 101 n. 6 (1997) (quoting *American Maritime Transp., Inc. v. United States*, 18 Cl.Ct. 283, 290 (1989)). The rule also enumerates several exceptions allowing an individual to "sue in that person's own name without joining the party for whose benefit the action is brought." RCFC 17(a). Specifically, the rule bestows this right upon "[a]n executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute . . . ." *Id.*

None of the exceptions to joining a real party in interest are applicable in this case and plaintiff has not argued for their invocation. It does not necessarily follow, however, that dismissal of the action is warranted. RCFC 17(a) also includes what can be characterized as a safe harbor provision: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . joinder or substitution of . . . the real party in interest . . . ." See also *Aldridge v. United States*, 59 Fed.Cl. 387, 390 (2004) (noting that the lack of real party in interest status is curable by substituting the proper party). This provision is applicable even if the underlying litigation was initiated by a party other than the real party in interest. *First Fed. Sav. and Loan Ass'n of Rochester v. United States*, 58 Fed.Cl. 139, 152 (2003). Plaintiff, therefore, is entitled to benefit from the rule's protective provisions despite the fact that BAMMF (6) did not participate in commencing the lawsuit. Further, plaintiff was entitled to a reasonable period of time after defendant's objection to file an RCFC 17 motion seeking joinder, which it did within the time frame designated by the court.

The court's inquiry does not end there as the court does not simply rubber stamp any motions for joinder which are presented to it. The standard which the court applies, however, is not an overly difficult one to satisfy. The United States Court of Appeals for the Federal Circuit has made clear that RCFC 17 "sets forth the broad and general principles that actions should be brought in the name of the real party in interest and that courts should be lenient in permitting ratification, joinder, or substitution of that party." *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed.Cir.1999). Against this backdrop, this court has considered several threshold factors when discerning the propriety of a motion for joinder. *First Annapolis Bancorp, Inc. v. United States*, 54 Fed.Cl. 529, 542 (2002) (citing *Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir.1997)). In particular, this court has examined whether: (1) defendant will be prejudiced; (2) the factual allegations will change; and (3) defendant was aware of the relevant parties. *Id.*

All three factors are in some degree interrelated and the resolution of one factor leads into the resolution of the next. Beginning the analysis with an examination of the

third factor, defendant could not seriously contend that it is now surprised by the mention of BAMMF (6). GSA was a party to an agreement on April 13, 2000, which amended the lease and substituted BAMMF (6) as the lessor.[3] Plaintiff's complaint was filed on February 20, 2002, almost two years later. In addition, at the first deposition conducted in discovery, Mr. Deponte, during questioning by defendant's counsel, unequivocally acknowledged the substitution.[4] Given these circumstances, the court concludes that defendant has been aware of BAMMF (6) status as the real party in interest long before a dispute arose in this matter.

Second, plaintiff has represented that "the allegations of the Complaint will not change as a result of the substitution. Plaintiff merely requests that BAMMF (6) be joined as plaintiff; plaintiff's substantive allegations remain unchanged."[5] Plaintiff's principal allegations have always been and continue to be "breach of lease/improper termination for default."[6] In addition, plaintiff has not altered its request for relief.[7] If defendant had uncovered any indications to the contrary, it certainly would have exercised its right to bring the factual or legal discrepancies to the court's attention. The resolution of the second factor, therefore, also tilts in plaintiff's favor.

Lastly, building upon the court's determination that defendant had timely knowledge of BAMMF (6)'s involvement and its finding that the facts and legal remedies will not be altered, it becomes clear that defendant will not suffer any prejudice. Further, no prejudice stems from the timing of plaintiff's motion because plaintiff's counsel informed defendant's counsel at Mr. Deponte's November 2003 deposition that an RCFC 17 motion would be forthcoming. Defendant was also reminded at a telephonic conference that said motion would be filed. As was discussed above, the void of any argument by defendant to the contrary is particularly telling in this regard.

3. Plaintiff's Motion To Join BAMMF (6) LLC As A Real–Party–In–Interest, Exhibit (Exh.) B.

4. *Id.*, Exh. C at 78.

5. *Id.* at 3.

*Conclusion*

For the above-stated reasons, plaintiff's Motion To Join BAMMF (6) LLC As A Real–Party–In–Interest is hereby ALLOWED. No costs.

IT IS SO ORDERED.